■ DOMENICA CALIFANO, Respondent, v COUNTY OF NASSAU et al., Appellants. [762 NYS2d 632] —In an action, inter alia, to recover damages for false arrest, the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered April 8, 2002, which granted the plaintiff's motion for summary judgment on the issue of liability and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion and substituting therefor a provision denying the motion, without prejudice to renewal of the motion and the cross motion in accordance herewith; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff's brother was a suspect in a larceny which occurred on August 29, 1997, at an auto care shop. Detective John McGee of the Nassau County Police Department conducted an investigation. The complaining witness informed McGee that the plaintiff visited the auto care shop on September 1, 10, and 11, 1997, identified herself as the sister of the suspect in the larceny case and offered to pay the complaining witness money if he would withdraw the criminal complaint. McGee warned the plaintiff on two occasions not to contact the complaining witness again. Eventually, the complaining witness withdrew the complaint in the larceny investigation, claiming that he had found the money previously reported as stolen. McGee called the plaintiff and asked her to surrender herself to be arrested for witness tampering in the fourth degree.

The plaintiff surrendered herself with her attorney, from whom she was involuntarily separated and taken to an office by McGee. McGee informed the plaintiff that she was under arrest. He eventually gave the plaintiff an appearance ticket and released her. Thereafter, the District Court of Nassau County dismissed the criminal information against the plaintiff, with leave to renew, due to the non-cooperation of the complaining witness.

The plaintiff brought this action against the County of Nassau and the Nassau County Police Department (hereinafter collectively referred to as the County defendants), inter alia, to recover damages for false arrest. During discovery, the plaintiff successfully moved to strike the County defendants' affirmative defense of probable cause. By order dated May 12, 1999, the Supreme Court granted the plaintiff's motion upon the County defendants' default. An order of the same court dated August 13, 1999, conditionally granted the plaintiff's motion which was, in effect, to strike the County defendants' answer for failure to produce a police officer for deposition.

By notice of motion dated November 8, 1999, the County defendants moved pursuant to CPLR 5015 (a) (1) to vacate the order dated August 13, 1999, supposedly striking their answer and "for * * * other and further relief." The affirmations in support of and in opposition to this motion referred to the

County defendants' request to vacate the May 12, 1999, order striking the affirmative defense of probable cause. By order dated December 23, 1999, the Supreme Court stated that the County defendants' motion to vacate the order striking their answer and for "such other and further relief as the Court deems proper is granted."

Thereafter, the plaintiff's motion for renewal and reargument was denied by order dated March 13, 2000. In that order, the Supreme Court noted that the County defendants could not serve a bill of particulars on the affirmative defense of probable cause until the plaintiff's criminal file had been unsealed, thereby implicitly recognizing that the May 12, 1999, order striking that defense had, in fact, been vacated. However, by order dated December 6, 2001, denying the County defendants' motion for summary judgment, the Supreme Court held that the defense of probable cause had been stricken.

The plaintiff then moved, inter alia, for summary judgment on the issue of liability. The County defendants cross-moved, among other things, for summary judgment dismissing the complaint. By order entered April 8, 2002, the Supreme Court granted the plaintiff's motion and denied the County defendants' cross motion on the ground that the County defendants' affirmative defense of probable cause had been stricken. We modify.

The Supreme Court has confused the procedure in this case. There was no order striking the County defendants' answer. When the County defendants moved pursuant to CPLR 5015 (a) (1), the only order which detrimentally affected them was the order dated May 12, 1999, striking their affirmative defense, and that was the order the Supreme Court vacated by order dated December 23, 1999. Therefore, the plaintiff was not entitled to summary judgment on the basis that the defense of probable cause had been stricken.

Since the parties and the court were under the erroneous impression that the affirmative defense remained stricken when the Supreme Court granted the plaintiff summary judgment on the issue of liability and denied the County defendants summary judgment dismissing the cause of action alleging false arrest, the plaintiff has not had a full and fair opportunity to contest the probable cause defense on the merits. Therefore, the plaintiff's motion for summary judgment should be denied, without prejudice to its renewal and the renewal of the County defendants' cross motion for summary judgment. Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.